IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. DNCW3:03CR209-01 |
| | ) | (Financial Litigation Unit) |
| ERIKA F. WILSON, | ) | |
| Defendant, | ) | |
| and | ) | |
| | ) | |
| CMC II LLC, | ) | |
| Garnishee. | ) | |

## <u>WRIT OF CONTINUING GARNISHMENT</u>

GREETINGS TO:    CMC II LLC
Attention:  Payroll
c/o Thomas & Thorngren Incorporated
Post Office Box 280100
Nashville, Tennessee 37228

An Application for a Writ of Continuing Garnishment against property of Erika F. Wilson, the Defendant, has been filed with this Court (Doc. No. 250).  A judgment has been entered against the Defendant (Doc. No. 158).  The Clerk of Court current total is $48,382.85, computed through November 07, 2019, and is due and owing.

You, as the Garnishee, are **required by law to answer in writing**, under oath, within ten (10) days of service of this Writ, whether or not you have in your custody, control or possession, any property or funds owned by the Defendant, including non-exempt, disposable earnings.

You **must withhold and retain any property** in which the Defendant has a substantial non-exempt interest and for which you are or may become indebted to the Defendant pending further order of the Court.  This means that you should withhold twenty-five percent of the Defendant's earnings which remain after all deductions required by law have been withheld and one hundred percent of all 1099 payments. *See* 15 U.S.C. §1673(a).

Please state whether or not you anticipate paying the Defendant any future payments and whether such payments are weekly, bi-weekly, monthly, annually or bi-annually.

You **must file the original written Answer** to this Writ within ten (10) days of your receipt of this Writ with the following office:

**Clerk of the United States District Court**
**401 West Trade Street**
**Charlotte, North Carolina 28202**

Additionally, you are **required by law to serve a copy of the Answer** upon the Defendant at the Defendant's last known address:

Erika F. Wilson
XXXXXXXXX
Charlotte, North Carolina XXXXX

You are also **required to serve a copy of the Answer upon** the Plaintiff at the following address:

Financial Litigation Unit
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202

Under the law, there is property which may be exempt from this Writ of Garnishment. Property which is exempt and which is not subject to this order may be listed on the attached Claim for Exemption form.

Pursuant to 15 U.S.C. §1674, you, the Garnishee, are prohibited from discharging the Defendant from employment by reason of the fact that his earnings have been subject to garnishment for any one indebtedness.

Pursuant to 28 U.S.C. §3205(c)(6), if you **fail to answer this Writ or withhold property or funds** in accordance with this Writ, the United States of America may petition the Court for an order requiring you to appear before the Court to answer the Writ and to withhold property before the appearance date. If you fail to appear, or do appear and fail to show good cause why you failed

to comply with this Writ, the Court shall enter a judgment against you for the value of the Defendant's non-exempt interest in such property. The Court may award a reasonable attorney's fee to the United States and against you if the Writ is not answered within the time specified. It is unlawful to pay or deliver to the Defendant any item attached by this Writ.

Signed: November 12, 2019

David C. Keesler
United States Magistrate Judge

# CLAIM FOR EXEMPTION FORM
## MAJOR EXEMPTIONS UNDER FEDERAL LAW (18 U.S.C. § 3613)

_____1.     Wearing apparel and school books.--Such items of wearing apparel and such school books as are necessary for the debtor or for members of his family.

_____2.     Fuel, provisions, furniture, and personal effects.--So much of the fuel, provisions, furniture, and personal effects in the Debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed **$9,380** in value.

_____3.     Books and tools of a trade, business, or profession.--So many of the books, and tools necessary for the trade, business, or profession of the debtor as do not exceed in the aggregate **$4,690** in value.

_____4.     Unemployment benefits.--Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

_____5.     Undelivered mail.--Mail, addressed to any person, which has not been delivered to the addressee.

_____6.     Certain annuity and pension payments.--Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under Chapter 73 of Title 10 of United States Code.

_____7.     Workmen's Compensation.--Any amount payable with respect to compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

_____8.     Judgments for support of minor children.--If the debtor is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

_____9.     Certain service-connected disability payments.-- Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of Title 38, United States Code) disability benefit under--(A) subchapter II, III,IV, V, or VI of Chapter 11 of such Title 38 or (B) Chapter 13, 21, 23, 31, 32, 34, 35,37, or 39 of such Title 38.

_____10.    Assistance under Job Training Partnership Act.
              --Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.